

COURT OF FILED
COURT OF COMMON PLEAS
06 OCT 11 AM 8: 14
GREGORY A. FOLEY
CLERK OF COURTS
MONTGOMERY CO., OHIO

STATE OF OHIO, MONTGOMERY COUNTY
IN THE COURT OF COMMON PLEAS
CIVIL DIVISION

06-8004

| | |
|---|---|
| CHRISTOPHER LOCH<br>ANGELA LOCH<br>7633 Dayton Liberty Rd.<br>Dayton, Ohio 45418 | CIV. NO. _____<br><br>JUDGE _____<br><br>MAGISTRATE _____ |
| Plaintiffs, | |
| vs. | |
| DELTA FUNDING CORPORATION<br>C/O JACKIE MEEHAN<br>1000 Woodbury Road<br>Woodbury, New York 11797 | |
| and | |
| AMERICAN TITLE SERVICES, INC.<br>C/O RALPH A. ZUZOLO<br>700 Youngstown- Warren Road<br>Niles, Ohio 44446 | COMPLAINT |
| Defendants. | |

I. PRELIMINARY STATEMENT

1. Plaintiffs rescinded a loan within the three day rescission period guaranteed to

KAUFMAN & FLORENCE
Attorneys at Law
P.O. BOX 280
144 EAST MULBERRY STREET
LEBANON Ohio 45036
PHONE 932-1515



EXHIBIT
1

them by the Truth in Lending Act and Delta Funding Corporation failed to honor that rescission. American Title Services was negligent in not ensuring that Delta Funding Corporation rescinded the loan.

2. Plaintiff institutes this action for actual damages, statutory damages, recission of the promissory note, termination of the mortgage which secures this note, attorney's fees, and the costs of this action against Defendant Delta Funding Corporation (hereinafter Delta) for a single violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq.,(hereinafter TILA), and Federal Reserve Board Regulation Z, 12 C.F.R. § 226, (hereinafter Regulation Z), promulgated pursuant thereto, and for a declaration that TILA has been violated by Defendant Delta.

3. Plaintiff institutes an action for actual damages against Defendant American Title Services, Inc. for negligence.

II. JURISDICTION / VENUE

4. The Jurisdiction of this Court for the First Cause of Action is invoked pursuant to the Truth in Lending Act, 15 U.S.C. § 1640(e).

5. The real property, which secures the loan, is located within Montgomery County, Ohio.

6. The actual loan closing occurred within Montgomery County, Ohio and the acts or omissions constituting negligence by American Title Services, Inc. occurred, or should have occurred in Montgomery County, Ohio.

III. PARTIES

7. The Plaintiffs, Christopher Loch and Angela Loch, are natural persons currently residing at 7633 Dayton Liberty Road, Dayton, Montgomery County, Ohio 45418.

8. Defendant American Title, Inc., (hereinafter American), is an Ohio corporation, authorized to do business in Ohio with a principal place of business located at 7011 East Market, Howland, Ohio 44484.

9. At all times relevant hereto, Defendant Delta regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable, making Defendant Delta a creditor within the meaning of TILA, 15 U.S.C. § 1602 (f) and Regulation Z § 226 2(a) (17).

KAUFMAN & FLORENCE
Attorneys at Law
P.O. BOX 280
144 EAST MULBERRY STREET
LEBANON Ohio 45036
PHONE 932-1515

IV. FACTUAL ALLEGATIONS

11. On April 18, 2006, Plaintiffs executed a promissory note in the amount of $114,000.00 in favor of Fidelity Mortgage, a division of Delta. This promissory note is attached to this Complaint as Exhibit A.

12. On April 18, 2006, Plaintiffs executed a mortgage, securing the promissory note described immediately above, in favor of Fidelity Mortgage, a division of Delta. This mortgage is attached to this Complaint as Exhibit B.

13. The purpose of this transaction was to refinance the Plaintiffs' residence and to consolidate debt. Attached to this Complaint as Exhibit C is the HUD Statement which details the payoff of two previously existing mortgages on the Plaintiff's residence and payoff of two other creditors

14. The above-described transaction was a consumer credit transaction as described in TILA, 15 U.S.C. § 1602 and Regulation Z § 226.2.

15. Under these circumstances, Plaintiffs are guaranteed by TILA, 15 U.S.C. § 1635 (a), the unilateral right to rescind this transaction within three business days, for any reason whatsoever.

16. One day later, on April 19, 2006, Plaintiffs decided to rescind the transaction. On this day, Plaintiffs sent to Defendant Delta the rescission form they were provided at closing and a letter of explanation. The rescission form is attached to this Complaint as Exhibit D and the letter of explanation is attached as Exhibit E.

17. The rescission form and cancellation letter were sent by U.S. Postal Service Express Mail on April 20, 2006, to the address listed on the rescission form provided by Defendant Delta. Attached to this Complaint as Exhibit F is a true and accurate copy of the Express Mail receipt.

18. The rescission form and cancellation letter were received by Defendant Delta at 11:09 a.m. on April 21, 2006. Attached to the Compliant as Exhibit G is a confirmation of delivery statement from the U.S. Postal Service. Said delivery was within three business days and obligated Defendant Delta to rescind the loan.

19. Despite timely notice of Plaintiffs' intention to rescind this transaction, Defendant Delta disbursed loan proceeds on April 24, 2006.

20. Further, despite timely receipt by Defendant Delta of Plaintiffs' rescission form, Defendant Delta did not take any action, within twenty days, to return the settlement charges of $12,559.21 to Plaintiffs, as required by TILA, 15 U.S.C. § 1635 (b).

21. Further, despite timely receipt by Defendant Delta of Plaintiffs' rescission form,

KAUFMAN & FLORENCE
Attorneys at Law
P O BOX 280
144 EAST MULBERRY STREET
LEBANON Ohio 45036
PHONE 932-1515

Defendant Delta failed to terminate the security interest created under this transaction, within twenty days, as required by TILA, 15 U.S.C. § 1635 (b) in an attempt to re-write TILA.

22. Further, seven weeks after receiving Plaintiffs' rescission documents, Defendant Delta has conditioned rescission upon the return, by Plaintiffs, of all funds disbursed, that amount being $111,700.78, and payment by Plaintiffs of the settlement charges which would be associated with a new loan transaction, in the approximate amount of $6,559.21. Defendant Delta has attempted to re-write TILA by making this demand.

23. Defendant American, acted as an agent of Defendant Delta by preparing the loan document and conducting the loan closing.

24. Shortly after Plaintiff express mailed the recission form, he called Defendant American and advised it of the recission.

25. Defendant American did nothing to ensure that the loan was rescinded. In fact, Defendant American told Plaintiff that the loan was not rescinded under these circumstances.

V. FIRST CAUSE OF ACTION-FAILURE TO HONOR NOTICE OF RESCISSION

26. Defendant Delta has violated the requirements of TILA and Regulation Z in the following and other respects:

   a) By failing to honor the timely served rescission form regarding the previously-described note and mortgage.

27. By reason of the aforesaid violation of TILA and Regulation Z, Defendant Delta is liable to Plaintiff in the amount of twice the finance charge, up to $2,000.00, actual damages to be established at trial, and attorney fees and court costs in accordance with TILA, 15 U.S.C. § 1640.

VI. SECOND CAUSE OF ACTION- NEGLIGENCE

28. Defendant American was negligent in not ensuring that the recission form caused an actual recission of the instant loan.

29. As a direct and proximate result of Defendant American's negligence, Plaintiff has been damaged in the amount to be determined after discovery is completed.

VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

1       Assume jurisdiction of this case; award actual damages, in excess

KAUFMAN & FLORENCE
Attorneys at Law
P.O. BOX 280
144 EAST MULBERRY STREET
LEBANON Ohio 45036
PHONE 932-1515

        of $15,000.00, to be established at trial pursuant to TILA, 15 U.S.C. § 1640(a)(1);

2.     Award statutory damages in the amount of twice the finance charge not to exceed $2,000.00 in accordance with TILA, 15 U.S.C. § 1640(a)(2).

3.     Award Plaintiffs court costs and reasonable attorney fees in accordance with TILA, 15 U.S.C. § 1640(a)(3); and

4.     Award actual damages, in excess of $15,000.00, as a result of Defendant American's negligence; and award such other legal or equitable relief as the Court deems appropriate.

                                                  KAUFMAN & FLORENCE

                                                  Wm. Robert Kaufman
                                                  Attorney for Plaintiffs
                                                  OSC # 0073791
                                                  P.O. Box 280
                                                  144 E. Mulberry Street
                                                  Lebanon, Ohio 45036
                                                  (513) 932-1515
                                                  (513) 932-9172 fax

                                        PRAECIPE FOR SERVICE

TO THE CLERK:

        Please serve Defendants at the addresses listed in the caption by certified mail

                                                                  Wm. Robert Kaufman

KAUFMAN & FLORENCE
Attorneys at Law
P.O BOX 280
144 EAST MULBERRY STREET
LEBANON Ohio 45036
PHONE 932-1515